# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHARLENE HARMON,** | )<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | )<br>)     **CIVIL ACTION NO.**<br>)     **1:22-cv-00014** |
| **WAL-MART STORES EAST, LP AND WAL-MART REAL ESTATE BUSINESS TRUST,** | )<br>)<br>) |
| **Defendants.** | |

## COMPLAINT

Plaintiff Charlene Harmon ("Plaintiff") states the following claims against Defendants Wal-Mart Stores East, LP and Wal-Mart Real Estate Business Trust (collectively "Wal-Mart" or "Defendants").

## JURISDICTION AND VENUE

1.  Plaintiff is a citizen of Mobile County, Alabama and over the age of nineteen.

2.  Wal-Mart Stores East, LP is a national retail corporation doing business throughout the United States, including Mobile County, Alabama. On information and belief, Wal-Mart Stores East, LP's general and/or limited partners are citizens of Arkansas, thus Wal-Mart Stores East, LP is a citizen of Arkansas. On

information and belief, none of Wal-Mart Stores East, LP's partners are citizens of Alabama.

3. Wal-Mart Real Estate Business Trust is a national real estate holding company doing business throughout the United States, including Mobile County, Alabama. On information and belief, Wal-Mart Real Estate Business Trust's members are citizens of Arkansas, thus Wal-Mart Real Estate Business Trust is a citizen of Arkansas. On information and belief, none of Wal-Mart Real Estate Business Trust's members are citizens of Alabama.

4. Venue is appropriate in Mobile County, Alabama, as the cause of action arose in Mobile County, Alabama; the Plaintiff resides in Mobile County, Alabama; and own businesses located and operating in Mobile County, Alabama.

## STATEMENT OF FACTS

5. On July 3, 2021, Plaintiff, an invitee, visited Wal-Mart Supercenter # 866 located at 5245 Rangeline Service Road South in Mobile, Alabama.

6. After purchasing an item from Wal-Mart, Plaintiff exited the store and made her way towards her vehicle, which was parked in a handicap parking spot directly in front of the Wal-Mart Supercenter # 866 store. While attempting to make her way to her car, and mere steps from her car, Plaintiff's foot was snagged by a section of unlevel and protuberant pavement, causing her to fall and sustain serious injuries.

7. Wal-Mart has a responsibility to provide a safe environment for its customers, especially in areas intended to accommodate those most vulnerable, such as those in need of handicapped parking.

8. Had Wal-Mart performed reasonable maintenance of the pavement in or around its handicap parking zone, Plaintiff would not have suffered these serious injuries.

9. The unlevel and protuberant pavement presented a serious trip hazard, yet there were no cautions or warnings provided to Plaintiff as to its existence.

10. There is no reasonable explanation as to why Wal-Mart did not repair the subject hazardous pavement.

11. Plaintiff suffered severe injuries because of the hazardous conditions caused by Defendant and/or its employees.

## COUNT ONE: NEGLIGENCE

12. Plaintiff incorporates by reference the preceding paragraphs.

13. Defendants negligently failed to maintain and/or repair the handicap parking zone directly in front of Wal-Mart Supercenter # 866 and allowed this significant hazard to exist without warning or caution to its customers.

14. As a proximate consequence of the aforesaid negligence, Plaintiff suffered the following damages, among others: (i) she was injured; (ii) she suffered and continues to suffer physical pain and/or mental anguish; and (iii) she suffered

economic loss, including, but not limited to, the value of lost income, wages, and benefits.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount determined by struck jury, plus interest and costs.

### COUNT TWO: RESPONDEAT SUPERIOR LIABILITY

15. Plaintiff incorporates paragraphs 1-11.

16. Plaintiff avers that the actions alleged herein were committed in furtherance of the business of Defendants.

17. Plaintiff further alleges that Defendants participated in, authorized, and/or ratified the tortious acts alleged herein.

18. Defendants' employees failed to repair or maintain the handicap parking zone in front of Wal-Mart Supercenter # 866.

19. The tortious acts of Defendants' employees occurred within the line and scope of their employment with Defendants and was part of, or connected to, their duties and responsibilities with Defendants.

20. The actions of Defendants' employees caused Plaintiff great harm and damage, as more fully set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount determined by struck jury plus interest and costs.

## COUNT THREE: PREMISES LIABILITY

21. Plaintiff incorporates paragraphs 1-11.

22. Plaintiff was an invitee of Defendants, and she suffered a fall and serious injuries caused by unlevel and protuberant pavement near or on the handicap parking zone directly in front of Wal-Mart Supercenter # 866.

23. Defendants negligently failed to warn or caution Plaintiff about the unlevel and protuberant pavement that caused her injuries.

24. At the aforesaid time and place, Defendants were the owner or lessee of the property and as such had a duty and responsibility to provide Plaintiff a safe place to shop. Further, if any defects in their owned or leased premises existed, Defendants had the duty to warn its invitees of hazards of which it knew or should have known that were not easily discovery by the invitees.

25. Defendants negligently breached these duties by failing to provide Plaintiff with a safe place to shop and by failing to warn her of the hazard which she encountered which was known to it or which it negligently failed to detect. Such negligent conduct was a proximate cause of Plaintiff's injuries and damages.

26. Defendants were the owner or lessee of the property at issue and, as such, Defendants had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured, inspecting and maintaining said premises and for establishing patterns and routes for its patrons

and/or invitees to ambulate and/or travel around and about the store therein and about said store and premises at the time and place of the occurrence made the basis of Plaintiff's complaint and negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that Defendants owed to Plaintiff in causing or allowing the area where the incident occurred to be dangerous, and for negligently failing to maintain the area immediately surrounding its handicap parking zone without warning or caution. Defendants negligently failed to properly control the conditions, methods and manner in which the premises was maintained and presented to the invitees for their use in ambulating and/or traveling about the store as they shopped and said negligent conduct was a direct and proximate cause of Plaintiff's injuries and damages.

27.     Plaintiff avers that Defendants negligently caused injury to Plaintiff. Defendants negligently caused or allowed the pavement surrounding its handicap parking zone to be cracked, unlevel, in need of repair, and dangerous to its customers. Defendants failed to remedy the hazardous situation and/or address the unreasonably dangerous parking spot. Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of Defendants.

28. At the aforesaid time and place, Defendants did negligently allow Plaintiff to be injured.

29. Defendants negligently failed to warn Plaintiff of the dangers associated with the hazardous area for the purpose of eliminating the possibility of Plaintiff being injured, and Defendants' negligent conduct was a proximate cause of Plaintiff's injuries as described herein.

30. Plaintiff alleges that her injuries and damages were caused as a proximate consequence of the negligent conduct and other wrongful conduct of Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount determined by struck jury plus interest and costs.

## COUNT FOUR: WANTONNESS

31. Plaintiff incorporates paragraphs 1-14.

32. Plaintiff is entitled to an award of punitive damages pursuant to Alabama law, without limitation or cap, because the actions of Defendants and their agents and employees showed wantonness, oppression, and an entire want of care, which would raise the presumption of conscious indifference to consequences.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount determined by struck jury plus interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Charlene Harmon respectfully prays and demands as follows:

1. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

2. That service be had upon Defendants as provided by law;

3. That the Court award and enter a judgment in favor of Plaintiff and against Defendants for compensatory damages in an amount to be proven at trial;

4. That the Court award and enter a judgment in favor of Plaintiff and against Defendants for punitive damages in an amount to be proven at trial;

5. That Plaintiff be awarded attorney's fees and litigation expenses; and

6. That Plaintiff have such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS STRUCK JURY ON ALL CLAIMS TRIABLE**

Dated: January 12, 2022.

Respectfully submitted,

*/s/ Forrest H. James, IV*
Forrest H. James, IV (asb-1927-o42g)

*Counsel for Plaintiff*

<u>OF COUNSEL:</u>

FOB JAMES LAW FIRM
2226 1st Ave S, Suite 105
Birmingham, Alabama 35233
Telephone: (205) 407-6015
Fob@FobJamesLaw.com

FOSTER COUNTS LLP
Braxton Counts
51 Tacon Street, Suite C-2
Mobile, Alabama 36607
Telephone: (251) 880-1010
Braxton@Foster-Law.com

**DEFENDANTS TO BE SERVED CERTIFEID MAIL:**

**Wal-Mart Stores East, LP**
**c/o CT Corporation**
**2 North Jackson St., Suite 605**
**Montgomery, Al 36104**

**Wal-Mart Real Estate Business Trust**
**c/o CT Corporation**
**2 North Jackson St., Suite 605**
**Montgomery, Al 36104**